## Benjamin Whitmore *vs.* Fourth Congregational Society in Plymouth.

In an action against a religious society who have acted for many years as a corporation, the plaintiff is not bound to prove a formal acceptance by the defendants of their act of incorporation, and a legal organization under it, if not denied in the answer.

In an action by a minister for his salary after his parish have voted to dismiss him, the parish cannot give evidence of previous immorality on his part, not stated in their vote as a ground for his dismissal.

Action of contract to recover " five hundred dollars, for one year's services as the minister of said society, to wit, from the first Sunday in January in the year 1851 to the first Sunday in January in the year 1852, agreeably to an agreement made with said society."

The defendants, in their answer, denied that they made any agreement with the plaintiff for his services as minister for the time mentioned in the declaration, or that they owed him any thing for such services, or that he ever performed such services; and alleged that if any such agreement was made, the plaintiff, for many years previously, by reason of immoral conduct and habits of falsehood, had disqualified himself from performing pastoral and religious duties, and was thus incompetent to enter into an agreement which would be binding on the defendants.

At the trial in this court, before *Bigelow*, J. the plaintiff gave in evidence " An act to establish the Fourth Congregational Society in the town of Plymouth," *St.* 1815, *c.* 89 ; and called Ezekiel Morton, who produced a book of records, and testified that they were the records of a body of people who called themselves the Fourth Congregational Society in Plymouth, and that he was their clerk; but whether they were duly incorporated, or whether he was legal clerk, he did not know. The defendants objected to the introduction of the book, unless the plaintiff first showed an acceptance, by vote, of the act of incorporation, and a due organization under it. Upon inspection of the book and proof, it appeared that the defendants had acted as a corporation in fact from the year 1818 ; and the judge ruled that, upon the

pleadings in this case, this objection was not open to the defendants.

There was also evidence of the following facts:   On the 30th of November 1850, the plaintiff, who had been the only minister of the defendants since the act of incorporation, employed from year to year under annual votes, was invited by them, by vote, "to preach one year, commencing January 1st 1851, to January 1st 1852," and gave them written notice of his acceptance of the invitation; and in January 1851 entered upon the discharge of his pastoral duties, and preached until the early part of March 1851.   On the 8th of March 1851, the defendants passed the following votes:   "Voted, That it is the opinion of this society, that the doings of the meeting of the 30th of November last past are not binding, and that the clerk erase the record thereof from the parish book.   Voted, That Messrs. Calvin Bearse and Joseph Morton be a committee to wait on Mr. Whitmore, and inform him that the society wish him to vacate the pulpit, until some action of the church; and that a copy of this vote be sent to Mr. Whitmore."   The plaintiff, on the 13th of March 1851, in writing, tendered his services to the defendants for the year 1851, and on the 14th of March received a written reply, refusing to recognize the existence of any agreement between them.   On Sunday, the 16th of March, the plaintiff, when proceeding up the aisle of the defendants' church towards the pulpit, to perform religious services, was prevented from entering the pulpit by two of the parish, claiming to represent the parish committee; and retired from the church with a large number of the parish, and performed religious services in a neighboring school house, and continued during the year to preach to such of the parish as chose to attend, and to perform such other pastoral services as were required of him, for which no compensation was paid to him.

In support of the last ground of defence set forth in the answer, the defendants offered to show that the plaintiff had been guilty of habitual falsehood and of certain acts of immorality previously to November 1850; and that these acts were not then known to the defendants.   The plaintiff did not object to

the admission of this evidence, but expressed a readiness to meet the charges. But the judge ruled that these acts, if proved, would not constitute a defence to this action upon a contract subsequently made between the parties, and rejected the evidence.

The jury returned a verdict for the plaintiff; and the presiding judge reported the case for the consideration of the full court.

This case was argued at Boston on the 19th of January 1854.

*C. G. Davis*, for the defendants. The plaintiff was bound to show the acceptance by the defendants of their act of incorporation, and a legal organization under it. Angell & Ames on Corp. (4th ed.) § 81. *Shortz* v. *Unangst*, 3 W. & S. 45. *Fire Department of New York* v. *Kip*, 10 Wend. 266.

Evidence of repeated acts of immorality and falsehood on the part of the plaintiff, prior to the 30th of November 1850, especially if at that time unknown to the defendants, should have been admitted. *Avery* v. *Tyringham*, 3 Mass. 170, 181. *Sheldon* v. *Congr. Parish in Easton*, 24 Pick. 287, 288. *Thompson* v. *Catholic Congr. Soc. in Rehoboth*, 5 Pick. 478, 479. *Chaddock* v. *Briggs*, 13 Mass. 248.

*T. D. Eliot*, for the plaintiff.

METCALF, J. We are all of opinion that the plaintiff is entitled to judgment on the verdict found for him.

It was not necessary, upon the pleadings in the case, for the plaintiff to prove that the defendants formally accepted their act of incorporation and were duly organized under it. They have acted as a corporation for many years, and cannot now avoid their contracts by denying their legal capacity to make them *Middlesex Husbandmen & Manufacturers* v. *Davis*, 3 Met. 137 *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 288.

If the defendants had a legal right to rescind their contract with the plaintiff, on the ground of anterior immorality on his part, (a point which need not be decided now,) yet we are of opinion that they could not do so by vote, without stating that as the reason for the rescission, and reciting it in their vote. *Avery* v. *Tyringham*, 3 Mass. 182. *Thompson* v. *Catholic Congr. Soc. in Rehoboth*, 5 Pick. 478. *Martyn* v. *Hind*, Cowp. 441, and

1 Doug. 145. They gave him no notice of the reason for their vote, and ought not to be permitted now to show, for the first time, what that reason was. It would be unfair dealing, which the law will not allow. Besides; it would enable the defendants to show, by oral testimony, what should be shown by the record only. Many of those who voted to dismiss the plaintiff might not have so voted, if the cause of dismissal, which is now set up, had been stated in the vote. Some may have voted on one ground, and some on another; and a majority may not have voted on any one ground. But that is a matter which cannot be ascertained by oral evidence. The reasons for a corporate vote are not the subject of such evidence.

*Judgment on the verdict.*